**Juan Andres GARCIA, et al., Appellants,**

v.

**Eli BARREIRO, et al., Appellees.**

**No. 13–99–00762–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 28, 2003.

---

Laurence W. Watts, Watts & Associates, Missouri City, for Appellant.

Daniel G. Gurwitz, Lisa D. Powell, Atlas & Hall, L.L.P., Kelly K. McKinnis, McAllen, David Garcia, Law Offices of David Garcia, Edinburg, Hermes Villarreal, Pharr, Savannah L. Robinson, Danbury, for Appellees.

Before Justices HINOJOSA, CASTILLO, and CHAVEZ.[1]

## OPINION

Opinion by Justice HINOJOSA.

■ Appellants, Juan Andres Garcia, individually and as president of Sun Down Homes, Inc., and Sun Down Homes, Inc., appeal from the trial court's dismissal of appellants' suit for failure to appear when the case was called for jury selection. In a single point of error, appellants contend the trial court erred in dismissing their case.[2] We affirm.

---

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. At the beginning of their brief, appellants request the reversal of the trial court's orders granting Juan Dominguez's and Eli Barreiro's motions for summary judgment and the trial court's order denying appellants' motion for new trial. However, because appellants failed to raise points of error or assert argument regarding these orders, the issues are

## A. BACKGROUND AND PROCEDURAL HISTORY

On June 13, 1994, appellants sued the following appellees for fraud, conversion, breach of fiduciary duty, breach of contract, and intentional infliction of emotional distress: (a) Eli Barreiro; (b) Juan Dominguez, individually and d/b/a Valley Wide Bookkeeping and Tax Service; (c) Armando Solis, individually and d/b/a Solis Construction; (d) Damaso Dominguez, individually and d/b/a South Texas Designs and Design Tech; (e) South Texas Designs; and (f) Design Tech. On May 14, 1999, the trial court set the case on the dismissal docket and provided notice to the parties. Appellants subsequently filed a motion to retain the case on the docket and requested that the case be set for a jury trial. At the dismissal hearing on May 26, 1999, the trial court granted appellants' motion to retain and set the case for trial on August 30, 1999.

Eli Barreiro and Juan Dominguez filed motions for summary judgment on July 1, 1999 and July 30, 1999, respectively. The trial court granted both motions on August 27, 1999.

On August 11, 1999, the parties filed a joint motion for continuance, and the trial court granted the motion. Trial was reset for September 27, 1999. On September 27, 1999, the trial court called the case for trial. Appellants' counsel was present and moved for a continuance. The trial court denied the motion for continuance and told appellants' counsel to be ready to select a jury at 3:30 that afternoon. When appellants' counsel did not appear for jury selection, appellees moved the court to dismiss the case, and the trial court granted the motion and signed a written dismissal order. On October 27, 1999, appellants filed a motion to reinstate the case on the trial

court's docket, but the court refused to grant the motion.

## B. STANDARD OF REVIEW

The standard of review of a dismissal for want of prosecution and a denial of a motion to reinstate is whether the trial court committed a clear abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1996, no writ). The test for abuse of discretion is whether the trial court acted without reference to guiding rules and principles, or whether the trial court's actions were arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or because the trial court committed a mere error in judgment. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995); *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

## C. ISSUES PRESENTED

In their sole point of error, appellants broadly assert that the trial court erred in dismissing their case. Within their point of error, appellants contend the trial court erred in dismissing their case because the trial court did not give them prior notice that it intended to dismiss the case. Alternatively, appellants contend the trial court erred in refusing to grant their motion to reinstate because their failure to appear was a mistake.

"To adjudicate justly, fairly and equitably the rights of the litigants," we liberally construe appellants' point of error to

waived. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990).

encompass the trial court's refusal to reinstate the case on the docket. *Tex. Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52, 54 (Tex.1998); *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990).

#### D. DISMISSAL FOR WANT OF PROSECUTION

 A trial court's authority to dismiss for want of prosecution stems from the following two sources: (1) rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999); *see Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex. 1976); *see also Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957). Under rule 165a, a trial court may dismiss a case on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX.R. CIV. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court." TEX.R. CIV. P. 165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute a case with due diligence. *Villarreal,* 994 S.W.2d at 630. However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either rule 165a or the court's inherent authority. *Villarreal,* 994 S.W.2d at 630; *see also* TEX.R. CIV. P. 165a(1). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal,* 994 S.W.2d at 630.

Appellants contend the trial court erred in dismissing their case because the court: (1) failed to give them prior notice that it intended to dismiss the case, and (2) failed to hold a rule 165a dismissal hearing before it dismissed the case.

Rule 165a(1) provides:

**Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

TEX.R. CIV. P. 165a.

It is undisputed that appellants did not receive notice of the trial court's intention to dismiss their case on September 27, 1999. However, for the following reasons we conclude that the trial court strictly adhered to the provisions of rule 165a(1) and notice was not required for the dismissal on September 27, 1999.

### 1. *Notice of Hearing*

The rule requires that prior to dismissing a case for want of prosecution, notice of the court's intention to dismiss and the date and place of dismissal hearing must be sent to each attorney of record.

It is undisputed that on May 14, 1999, the trial court set appellants' case on the dismissal docket and gave notice to the parties that a dismissal hearing was set for May 26, 1999.

### 2. *Dismissal Hearing*

The rule provides that at the dismissal hearing, the court shall dismiss the case for want of prosecution unless there is good cause for it to be maintained on the docket, and if it is determined that the case should be maintained, the court must render a pretrial order assigning a trial date and set deadlines for pretrial matters.

On May 26, 1999, the date of the dismissal hearing, appellants filed a motion to retain the case on the docket and requested that the case be set for a jury trial. At the dismissal hearing, the trial court granted appellants' motion to retain and set the case for trial on August 30, 1999.

### 3. *Motions for Continuance*

The rule provides that if the case is maintained on the docket, the case may be continued only for valid and compelling reasons specifically determined by court order.

On August 11, 1999, the parties filed a joint motion for continuance, and the trial court granted the motion. The August 30, 1999 trial date was reset to September 27, 1999.

On September 27, 1999, the trial court called the case for trial. Appellants' counsel was present and again moved for a continuance. The trial court denied the motion for continuance and told appellants'

counsel to be ready to select a jury at 3:30 that afternoon. When appellants' counsel did not appear for jury selection, the trial court dismissed the case for want of prosecution.

### 4. *Notice of Dismissal Order*

The rule requires that notice of the signing of the dismissal order must be given as provided in rule 306a. The record reflects that such a notice was faxed to all counsel of record on September 28, 1999, and mailed to all counsel of record on September 30, 1999.

### 5. *Conclusion*

■ The record reflects that after setting this case on the dismissal docket, the trial court gave appellants notice that it would hold a dismissal hearing on May 26, 1999. At the dismissal hearing, appellants were heard and the trial court retained their case on the docket.

Thereafter, the trial court strictly adhered to each provision of rule 165a(1). The trial court assigned the case a trial date, granted a continuance, and reset the trial date to September 27, 1999. On the date of trial, appellants requested another continuance, but they stated no reason for their request. Because appellants' failed to state a valid or compelling reason for the continuance, the trial court denied the motion and ordered the parties to appear for jury selection later that day. When appellants failed to appear for jury selection, the trial court dismissed their case.

Because the trial court strictly adhered to the provisions of rule 165a(1), we hold the trial court did not err in dismissing appellants' case for want of prosecution on September 27, 1999.

### E. REINSTATEMENT

■ When a case is dismissed for want of prosecution, "the court shall rein-

state the case upon finding, after a hearing, that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX.R. CIV. P. 165a(3). The operative standard is essentially the same as that for setting aside a default judgment. *Smith v. Babcock & Wilcox Const. Co., Inc.,* 913 S.W.2d 467, 468 (Tex.1995). A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. *Id.; Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 84 (Tex.1992). Also, conscious indifference means more than mere negligence. *Smith,* 913 S.W.2d at 468; *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

▪ Appellants contend that their failure to appear for jury selection on September 27, 1999, was not intentional or the result of conscious indifference but was due to accident or mistake. They assert that the trial court never informed them to be prepared to pick a jury at 3:30 p.m. on September 27, 1999, as reflected in the certified reporter's record.[3]

However, independent of the reporter's record, appellants produced the affidavit of Derek Michael Harkrider, the attorney who appeared for trial on behalf of appellants on the morning of September 27, 1999. Harkrider's affidavit states that he was present when the trial court called the case on September 27, 1999, and denied appellants' motion for continuance. According to the affidavit, Harkrider spoke with the trial court coordinator, who told him there were two cases on the jury docket ahead of appellants' case. Nowhere in his affidavit, however, does Harkrider ever indicate that the trial court, or its personnel, informed him the trial would not go forward that day. In fact, Harkrider states that prior to returning to Houston, his boss instructed him to call the trial court coordinator before leaving. He called her on his way to the Harlingen airport and was told that she would return his call shortly. Because he did not receive a return call, Harkrider called her after reaching the Harlingen airport. He was told that the court coordinator had gone to lunch. Harkrider does not say whether he asked any other court personnel about the status of the case. Instead, without any assurance from the trial court that appellants' case would not be heard on September 27, 1999, Harkrider boarded a plane and returned to Houston. In the affidavit, Harkrider admits that he relied on the fact that there were two cases ahead of appellants' case on the trial docket and concluded there was only a small possibility that appellants' case would be reached for trial.

The record shows that appellants' counsel knew the trial court had denied appellants' motion for continuance. Despite this knowledge, appellants' counsel consciously chose to return to Houston because he believed appellants' case would not be reached for trial. We conclude appellants' failure to appear for trial was not due to an accident or mistake.

---

3. Appellants filed a motion in this Court disputing the accuracy of the reporter's record. In accordance with the rules of appellate procedure, we submitted the dispute to the trial court for resolution. *See* TEX.R.APP. P. 34.6(e)(3). The trial court held a hearing on the matter on April 20, 2001, and by correspondence dated October 29, 2001, certified to this Court that the reporter's record was true and correct.

We hold the trial court did not err in refusing to reinstate appellants' case on the docket. Appellants' sole point of error is overruled.

The trial court's dismissal order is affirmed.