

# NUMBER 13-07-00159-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **BERNARDINO VARGAS,** | **Appellant,** |

**v.**

| | |
|---|---|
| **SUSANA VARGAS,** | **Appellee.** |

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Bernardino Vargas, pro se appellant, sued Susana Vargas, appellee, for divorce. The trial court dismissed appellant's suit for want of prosecution. By two issues, appellant contends that the trial court erred by (1) dismissing his lawsuit and (2) denying his motion to reinstate the divorce proceedings. We affirm.

## I. Background

The trial court notified appellant, through its "Drop Docket Notice With Hearing Date," that a hearing to determine whether to dismiss his case for want of prosecution was set for December 7, 2006 at 8:30 a.m. Because appellant did not appear at the hearing, the trial court dismissed his case. Appellant filed a motion to reinstate, which the trial court denied.

## II. Dismissal for Want of Prosecution

By his first issue, appellant contends that the trial court erred when it dismissed his appeal for want of prosecution. Appellant argues that he did not appear at the hearing because the trial court's clerk failed to give him proper notice of the local rules and procedures.

A trial court may dismiss a case for want of prosecution when a party seeking affirmative relief fails to appear for a trial or hearing of which the party had notice. TEX. R. CIV. P. 165a(1). We review a trial court's order dismissing a case for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Garcia v. Barreiro*, 115 S.W.3d 271, 274 (Tex. App.–Corpus Christi 2003, no pet.). A trial court abuses its discretion when it acts "'without reference to any guiding rules or principles', or stated another way, when the trial court acts in a arbitrary and unreasonable manner." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

Appellant concedes on appeal that he received the trial court's "Drop Docket Notice With Hearing Date." He further acknowledges that he did not attend the hearing. Because appellant failed to appear for the hearing of which he had notice, appellant's case was

subject to dismissal for want of prosecution under rule 165a. *See* TEX. R. CIV. P. 165a(1). We conclude, therefore, that the trial court did not abuse its discretion. *See City of San Benito*, 109 S.W.3d at 757. We overrule appellant's first issue.

## III.  Denial of Motion to Reinstate

By his second issue, appellant contends that the trial court erred in denying his motion to reinstate. However, appellant fails to make "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(h). Without citation to the record or authority, appellant has presented nothing for this court to review. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied) (per curiam). An appellant waives an issue if he fails to support contentions by citations to appropriate authority. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Appellant has, therefore, waived his second issue. *See* TEX. R. APP. P. 38.1(h). We overrule appellant's second issue.

## IV.  Conclusion

We affirm.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 5th day of June, 2008.

3