NUMBER 13-07-00159-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BERNARDINO VARGAS, Appellant,


v.
 


SUSANA VARGAS, Appellee.

 


On appeal from the 357th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Bernardino Vargas, pro se appellant, sued Susana Vargas, appellee, for divorce. 
The trial court dismissed appellant's suit for want of prosecution. By two issues, appellant
contends that the trial court erred by (1) dismissing his lawsuit and (2) denying his motion
to reinstate the divorce proceedings. We affirm.

I. Background

 The trial court notified appellant, through its "Drop Docket Notice With Hearing
Date," that a hearing to determine whether to dismiss his case for want of prosecution was
set for December 7, 2006 at 8:30 a.m. Because appellant did not appear at the hearing,
the trial court dismissed his case. Appellant filed a motion to reinstate, which the trial court
denied.II. Dismissal for Want of Prosecution

 By his first issue, appellant contends that the trial court erred when it dismissed his
appeal for want of prosecution. Appellant argues that he did not appear at the hearing
because the trial court's clerk failed to give him proper notice of the local rules and
procedures.

 A trial court may dismiss a case for want of prosecution when a party seeking
affirmative relief fails to appear for a trial or hearing of which the party had notice. Tex. R.
Civ. P. 165a(1). We review a trial court's order dismissing a case for want of prosecution
for an abuse of discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per
curiam); Garcia v. Barreiro, 115 S.W.3d 271, 274 (Tex. App.-Corpus Christi 2003, no pet.). 
A trial court abuses its discretion when it acts "'without reference to any guiding rules or
principles', or stated another way, when the trial court acts in a arbitrary and unreasonable
manner." City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex.
2003) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985)).

 Appellant concedes on appeal that he received the trial court's "Drop Docket Notice
With Hearing Date." He further acknowledges that he did not attend the hearing. Because
appellant failed to appear for the hearing of which he had notice, appellant's case was
subject to dismissal for want of prosecution under rule 165a. See Tex. R. Civ. P. 165a(1). 
We conclude, therefore, that the trial court did not abuse its discretion. See City of San
Benito, 109 S.W.3d at 757. We overrule appellant's first issue.

III. Denial of Motion to Reinstate

 By his second issue, appellant contends that the trial court erred in denying his
motion to reinstate. However, appellant fails to make "a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the record." See Tex.
R. App. P. 38.1(h). Without citation to the record or authority, appellant has presented
nothing for this court to review. See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.
App.-Amarillo 2003, pet. denied) (per curiam). An appellant waives an issue if he fails to
support contentions by citations to appropriate authority. Abdelnour v. Mid Nat'l Holdings,
Inc., 190 S.W.3d 237, 241 (Tex. App.-Houston [1st Dist.] 2006, no pet.). Appellant has,
therefore, waived his second issue. See Tex. R. App. P. 38.1(h). We overrule appellant's
second issue.

IV. Conclusion

 We affirm.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 5th day of June, 2008.