

NUMBER 13-07-00572-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CRAIG MALDONADO AND
ERIKA MALDONADO,                                    Appellants,

v.

WILLIAM C. COCKE, NORTHSHORE BUILDERS,
ROXANNE URBAN, TIMOTHY TEAS, RE/MAX
METRO PROPERTIES AND ANDY SKLOSS,                   Appellees.

On appeal from the 214th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellants, Craig and Erika Maldonado ("the Maldonados"), sued appellees, William

C. Cocke, Northshore Builders, Andy Skloss, Roxanne Urban, Timothy Teas, and Re/Max

Metro Properties (collectively, "the Defendants"), asserting claims for deceptive trade practices, fraud, negligent misrepresentation, negligence, and breach of contract arising from the purchase of a home in 2003. Approximately twenty months after the suit was filed, the trial court dismissed the Maldonados' suit for want of prosecution. The Maldonados appeal raising two issues; we consolidate them into one issue.[1] We affirm.

## I. BACKGROUND

In December 2003, the Maldonados purchased a home from Cocke's company, Northshore Builders. Teas, Urban, and Re/Max Metro Properties were the real estate professionals involved in the sale to the Maldonados. Northshore Builders remodeled and remediated the home, which had previously suffered from mold damage, electrical problems, roof issues, and other problems. Several months after moving into the home, the problems remedied by Northshore Builders returned. The Maldonados noticed mold and water infiltration, insect infestation, and slab problems and other problems.

On November 16, 2005, the Maldonados sued the Defendants. On February 28, 2006, the Maldonados responded to Re/Max Metro Properties' request for disclosure. On May 31, 2006, the Maldonados filed a rule 11 agreement wherein the parties agreed to extend the Maldonados' deadline to respond to discovery to July 3, 2006.[2] *See* TEX. R. CIV. P. 11. On August 29, 2006, because the Maldonados failed to respond to the

---

[1] The Maldonados argue on appeal that the trial court abused its discretion by dismissing the case on July 3, 2007, without (1) providing sufficient notice of its intent to dismiss the case pursuant to its inherent authority, and (2) holding a second dismissal hearing. Because the Maldonados describe their argument under the second issue as the "[s]ame argument and authority as above in Point of error 1," we will treat the two issues as one argument.

[2] The discovery requests from Re/Max Metro Properties included the following: (1) first set of interrogatories to each plaintiff, (2) request for production to the Maldonados, and (3) requests for admissions to both plaintiffs.

discovery requests, Re/Max Metro Properties filed a motion to compel. On October 16, 2006, the Maldonados and Skloss filed an "Agreed Motion to Dismiss" Skloss from the suit. That motion was granted on October 20, 2006.

On May 15, 2007, the trial court issued a notice of its dismissal docket. On May 30, 2007, the trial court heard the arguments of the parties. At the dismissal hearing, the court orally ruled that it would dismiss the case for want of prosecution if the "matters" were not "finalized" within thirty days.[3] On July 3, 2007, the trial court dismissed the case for want of prosecution. On July 23, 2007, the Maldonados filed their notice of appeal. On August 7, 2007, the Maldonados filed their "Plaintiff's [sic] Motion to Reinstate or Motion for New Trial" which was overruled by operation of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"We review a dismissal for want of prosecution under a clear abuse of discretion standard . . . ." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A judge abuses his discretion by acting "without reference to any guiding rules or principles" or by acting arbitrarily or unreasonably. *E.I. du Pont de Nemours and Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

A trial court derives its authority to dismiss for want of prosecution from two sources: (1) rule of civil procedure 165a, and (2) the trial court's inherent power. *Garcia v. Barreiro*, 115 S.W.3d 271, 275 (Tex. App.–Corpus Christi 2003, no pet.) (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)); *see* TEX. R. CIV. P. 165a. Under rule 165a, the trial court may dismiss when any party seeking affirmative relief fails

---

[3] The record does not contain a transcript of the May 31, 2007 dismissal hearing. However, the Defendants do not challenge the Maldonados' recitation of the trial court's oral admonishment.

3

to appear for a hearing or trial when that party had notice of such hearing or trial. *See* TEX. R. CIV. P. 165a(1); *see also Barreiro*, 115 S.W.3d at 275. Additionally, rule 165a empowers the trial court to dismiss a case when it is "not disposed of within the time standards promulgated by the Supreme Court." *See* TEX. R. CIV. P. 165a(2); *see also Barreiro*, 115 S.W.3d at 275. When a plaintiff fails to prosecute a case with due diligence, the trial court may dismiss the case under its inherent authority. *Barreiro*, 115 S.W.3d at 275 (citing *Villarreal*, 994 S.W.2d at 630). "[A] party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either rule 165a or the court's inherent authority." *Id.* A reversal is required if the trial court did not provide such notice. *Id.* "At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." TEX. R. CIV. P. 165a(1).

### III. DISCUSSION

The Maldonados assert that the trial court erred by (1) failing to give sufficient notice of the trial court's intention to dismiss the case pursuant to its inherent authority before it dismissed the case on July 3, 2007, and (2) failing to hold a second dismissal hearing prior to dismissing the case on July 3, 2007. We disagree.

As the Maldonados recited in their brief to this Court, at the dismissal hearing on May 30, 2007, they received actual notice of the trial court's intent to dismiss, if the case was not "resolved, concluded or . . . matters [were not] 'finalized'" within thirty days of May 30, 2007. However, citing *Lopez v. Harding*, the Maldonados argue that, prior to the July 3, 2007 dismissal, they were entitled to receive notice of the trial court's intent to exercise

4

its inherent authority to dismiss the case. 68 S.W.3d 78, 80 (Tex. App.–Dallas 2001, no pet.) (holding that the trial court abused its discretion when it dismissed the case for failure "to take action after notice of intent to dismiss for want of prosecution" when the trial court's notice only referenced its dismissal authority under rule 165a). In their brief to this Court, the Maldonados suggest that the May 15, 2007 notice of the dismissal hearing "stated the case was set for dismissal pursuant to rule 165a." The May 15, 2007 dismissal notice does not appear in the record. In addition, because a transcript of the dismissal hearing is not included in the record, we are unable to determine whether, at that hearing, the trial court identified the source of its authority to dismiss the case if its thirty-day ultimatum was not met. As the party asserting "abuse of discretion[, the Maldonados had] the burden to bring forth a record showing such abuse." *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987). "Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision." *Id.* Therefore, we presume that the trial court gave notice of its intent to dismiss the case under rule 165a and its inherent authority. *See id.*

Moreover, a trial court does not abuse its discretion by dismissing a case for want of prosecution when, as in this case, an appellant receives "actual notice of the dismissal in ample time to move for reinstatement." *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.–Houston [14th Dist.] 1993, no writ); *see S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.–Houston [14th Dist.] 1995, no writ) (holding that when a party has actual notice of the dismissal in time to file a motion to reinstate, "their due process right to be heard regarding the dismissal" has been fulfilled). In such situations, due process

is satisfied. *Bilnoski*, 858 S.W.2d at 57; *S. Main Bank*, 909 S.W.2d at 244; *see Lowe v. U.S. Shoe Corp.*, 849 S.W.2d 888, 891 (Tex. App.–Houston [14th Dist.] 1993, writ denied) (citing *Copeland Enters., Inc. v. Tindall*, 683 S.W.2d 596, 598 (Tex. App.–Fort Worth 1985, writ ref'd n.r.e.)); *cf. Gutierrez v. Lone Star Nat'l Bank*, 960 S.W.2d 211, 215-16 (Tex. App.–Corpus Christi 1997, writ denied) (declining to follow *Lowe* in a case where plaintiffs did not receive notice of the dismissal hearing or of the signing of the order of dismissal). Here, the record indicates that the trial court signed the Order of Dismissal on July 3, 2007. Even if, at the May 30, 2007 dismissal hearing, the Maldonados did not receive notice of the court's intent to dismiss their case in thirty days, on July 23, 2007, in their "Notice of Appeal," the Maldonados acknowledged the actual order of dismissal. *See* TEX. R. CIV. P. 165a(3) ("[A motion to reinstate" shall be filed with the clerk within 30 days after the order of dismissal is signed . . . ."). Notice of the actual order of dismissal satisfies due process. *See Montgomery Ward & Co., Inc. v. Denton County Appraisal Dist.*, 13 S.W.3d 828, 830-31 (Tex. App.–Fort Worth 2000, pet. denied) (citing *Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979)).

Additionally, on August 7, 2007, the Maldonados filed an untimely, unverified "Motion to Reinstate or Motion for New Trial," in which they state, "[o]n July 3, 2007, Plaintiffs, Craig Maldonado and Erika Maldonado, were notified that the Court dismissed the case for want of prosecution." Because the Maldonados received notice of the trial court's order dismissing their case for want of prosecution within the time limits for filing a motion to reinstate prescribed by rule 165a(3), we hold that no due process violation occurred, and the trial court did not abuse its discretion in dismissing their case for want

of prosecution. *Id.*; *Bilnoski*, 858 S.W.2d at 57; *S. Main Bank*, 909 S.W.2d at 244; *see Lowe*, 849 S.W.2d at 891; TEX. R. CIV. P. 165a(3). We overrule the Maldonados' issue on appeal.

## IV. Conclusion

Having overruled the Maldonados' appellate issue, we affirm the trial court's dismissal for want of prosecution.

GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 14th day of May, 2009.

7