**T.R. INSCORE, et al., Appellants,**

v.

**KARNES COUNTY SAVINGS & LOAN ASSOCIATION, et al., Appellees.**

No. 13–89–269–CV.

Court of Appeals of Texas, Corpus Christi.

March 22, 1990.
Rehearing Overruled April 19, 1990.

O.F. Jones, III, Victoria, for appellants.

Frank B. Burney, Martin & Drought, San Antonio, John D. Murphree, James H. Murray, Anderson, Smith, Null & Stofer, Victoria, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellants, T.R. Inscore, Robert B. Sandman

and Patricia Johnson, who is the temporary administrator of the estate of Warren Johnson, filed suit against appellees Karnes County Savings & Loan Association and Bob Copeland, its executive vice president ("Karnes"). Appellants alleged several causes of action, including assertions of usury in connection with three promissory notes executed by appellants and payable to Karnes. The trial court granted Karnes' summary judgment motion on appellants' usury claim. Appellants appeal.

On September 24, 1984, appellants executed two promissory notes payable to Karnes. One note was for $800,000.00 and the other was for $557,000.00. Both notes were secured by first lien deeds of trust covering 26.082 acres of land. The promissory notes and the deeds of trust executed to secure payment of those notes contained a "savings clause" providing that the interest charged by the lender shall not exceed the highest rate allowed by law.

In December of 1985, Karnes executed a partial release of each deed of trust lien concerning 9.493 acres of the 26.082 acre tract. Appellants later executed a promissory note dated March 24, 1986 in the amount of $984,068.65, the balance owing on the two original notes plus fees and charges. This renewal note was secured by the 26.082 acre tract, less the 9.493 acres that were previously released.

By point one, appellants complain the trial court erred in granting Karnes' summary judgment motion because there are questions of fact regarding the nature of the loans in question. By point two, appellants complain the trial court erred in granting Karnes' summary judgment motion because, as a matter of law, the federal preemption statute,[1] which preempts state usury laws does not apply to this particular transaction. Karnes' motion for summary judgment was based on (1) the federal statute preempting state usury laws, and (2) the savings clause contained in the promissory notes and deeds of trust pertaining to the three loans. The trial court granted Karnes' summary judgment motion, but did not disclose which of the two independent grounds it relied upon in granting the motion.

We note that appellants have assigned error only to Karnes' defense regarding the federal preemption statute. Karnes' other defense relating to the "savings clause" asserted an independent basis for affirming the trial court's judgment against appellants. Because appellants did not complain of this independent ground, and because the trial court did not specify the basis of its judgment, we may affirm the case on this point alone.

Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the trial court's judgment will be affirmed on the ground to which no error was assigned. In such situations, it is said that appellants have waived their right to complain of the ruling to which no error was assigned. *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex.App.—Austin 1982, no writ); *Valley International Properties, Inc. v. Brownsville Savings and Loan Association*, 581 S.W.2d 222, 225 (Tex.Civ. App.—Corpus Christi 1979, no writ); *Independence Insurance Co. v. Republic National Life Insurance Co.*, 447 S.W.2d 462, 470 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). Our Supreme Court has held that a court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 210 (1990); *Texas National Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex.1986). If this were not the rule, appellate courts would be placed in the precarious position of having to assign error and provide its own argument and authorities. We overrule appellants' points of error.

The judgment of the trial court is AFFIRMED.

---

1. *See* 12 U.S.C. § 1735f-7 (1989).