NUMBER 13-04-00295-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

CHARLIE V. LANDY,                                                                        Appellant,

 

                                                             v.

 

PALM HOSPITALITY, D/B/A HOWARD JOHNSON

EXPRESS INN, TOUCAN ENTERTAINMENT, INC.,

AND RAMACHANRAN RAJU,                                                         Appellees.

 

   On appeal from the 357th District Court of Cameron County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








This is an appeal from the trial court=s order granting a motion for summary
judgment in a premises liability suit. 
On September 25, 2000, appellant, Charlie V. Landy, was a guest at the
Howard Johnson Express Inn on South Padre Island, Texas.  He was trapped in a hotel elevator for
approximately one hour when it stalled between floors due to a rolling
blackout.  Appellant sued appellees, Palm
Hospitality d/b/a Howard Johnson Express Inn, Toucan Entertainment, Inc., and Ramachanran Raju, for negligently
failing to (1) properly inspect and maintain the elevator and its equipment and
(2) warn appellant about the condition of the elevator.  Appellant alleged he sustained serious injury,
anxiety, and pain as a result of appellees= negligence. 
Appellees filed a motion for summary judgment asserting both traditional
and no-evidence grounds.  The trial court
granted the motion and rendered judgment that appellant take nothing.  In two issues, appellant contends the trial
court erred in granting appellees= motion for summary judgment.  We affirm.

Because the issues of law presented by this case are well settled and the
parties are familiar with the facts, we will not recite the law and facts in
this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

                                                     A.  Standard
of Review

The standard of review for a traditional
motion for summary judgment  is well
established.  See Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Alejandro v.
Bell, 84 S.W.3d 383, 390 (Tex. App.BCorpus Christi 2002, no pet.). The standard of review for a no-evidence
motion for summary judgment is also
well settled.  See King Ranch v.
Chapman, 118 S.W.3d 742, 750 (Tex. 2003); Wal‑Mart Stores, Inc. v.
Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).

                                            B.  Form
& Substance of Motion








In his first issue, appellant complains the
trial court erred in granting appellees= motion for summary judgment because the
motion was defective in form and substance. 
Specifically, appellant contends the motion (1) did not state the specific grounds relied upon, (2)
did not state the specific elements on which there was no evidence, and (3)
incorrectly combined a traditional motion for summary judgment under rule
166a(b) with a no-evidence motion for summary judgment under rule 166a(i).

                                                            1.  Specific Grounds

Appellees= motion specifically asserted that they were
entitled to summary judgment because (1) they had no duty to appellant, and (2)
they could negate three essential elements of appellant=s premises liability claim.  Appellees presented argument and authority in
support of both grounds.  We conclude
that appellees= traditional motion for summary judgment
sufficiently stated the grounds upon which they relied.  See
Tex. R. Civ. P. 166a(c).

                                                           2.  Specific Elements

A party filing a no-evidence motion for
summary judgment must specifically
state the elements as to which they assert there is no evidence.  Tex.
R. Civ. P. 166a(i).  This requirement is strictly construed.  Meru v. Huerta, 136 S.W.3d 383, 386-87
(Tex. App.BCorpus Christi 2004, no pet.); Michael v.
Dyke, 41 S.W.3d 746, 751 n.3 (Tex. App.BCorpus Christi 2001, no pet.).








Appellees= motion specifically asserted appellant had
no evidence that (1) an unreasonably dangerous condition existed on the day of
the incident, (2) appellees had notice of any unreasonably dangerous condition
prior to the incident, (3) appellees failed to operate as reasonable, ordinary,
and prudent property owners prior to the incident, and (4) appellees= acts or omissions caused the incident or
appellant=s resulting anxiety.  We conclude these assertions are sufficiently
specific and comply with rule 166a(i).

                                            3.  Traditional & No-Evidence Motions

While the better practice when pursuing both
traditional and no-evidence summary judgment grounds may be to file two
separate motions, the rules do not require it. 
See Tex. R. Civ. P.
166a; Binur v. Jacobo, 135 S.W.3d 646, 650-51 (Tex. 2004).  In the instant case, appellees included
headings that clearly delineated the part of the motion relying on rule 166a(b)
traditional grounds from the part of the motion relying on rule 166a(i)
no-evidence grounds.  See Binur,
135 S.W.3d at 651.  We consider this
sufficient to comply with the rules governing motions for summary
judgment.  See Tex. R. Civ. P. 166a(b), (i). 

Because appellees= motion for summary judgment was not
defective in form or substance, we conclude the trial court did not err in
granting the motion.  Appellant=s first issue is overruled.

C.  Granting of Summary Judgment

In his second issue, appellant contends the
trial court erred in granting appellees= motion for summary judgment because a
genuine issue of material fact exists with regard to his premises liability
claim that appellees owed and breached a duty to him.[1]  








The trial court=s order granting appellees= motion for summary judgment does not state
whether the motion was granted on traditional or no-evidence grounds.  When
there are multiple grounds for summary judgment and the order does not specify
the ground on which the summary judgment was rendered, appellant must negate
all grounds on appeal.  Columbia Rio
Grande Reg=l Hosp. v. Stover, 17 S.W.3d 387, 392 (Tex. App.BCorpus Christi 2000, no pet.) (citing State Farm
Fire & Cas. Co. v. S. S., 858 S.W.2d 374, 381 (Tex. 1993)).  If an appellant fails to negate each ground
on which the judgment may have been rendered, we must uphold the summary
judgment.  Id.

Appellees= no-evidence motion for summary judgment
specifically asserted appellant had no evidence that (1) an unreasonably
dangerous condition existed on the day of the incident, (2) appellees had
notice of any unreasonably dangerous condition prior to the incident, (3)
appellees failed to operate as reasonable, ordinary, and prudent property
owners prior to the incident, and (4) appellees= acts or omissions caused the incident or
appellant=s resulting anxiety. 

Appellant presented no evidence in response
to appellees= no-evidence motion for summary
judgment.  Appellant only referred the
court to his deposition which appellees had attached to their motion for
summary judgment.  We have reviewed
appellant=s deposition and conclude that it does no
more than create a mere surmise or suspicion of a fact issue.  See King Ranch, 118 S.W.3d at
750.  Because appellant=s deposition evidence amounts to no more
than a scintilla, id., and appellant provided no other evidence, we
conclude appellant has failed to negate appellees= no-evidence motion for summary
judgment.  Accordingly, we hold the trial
court did not err in granting the motion. 
Appellant=s second issue is overruled.

We affirm the trial court=s order granting appellees= motion for summary judgment.

 

FEDERICO G. HINOJOSA

Justice

Memorandum
Opinion delivered and filed this

the
30th day of August, 2005.











[1]
Generally, where a judgment
may rest upon more than one ground, the party aggrieved by the judgment must
assign error to each ground or the trial court=s judgment will be affirmed on the
ground to which no error was assigned.  Inscore
v. Karnes County Sav. & Loan Ass=n,
787 S.W.2d 183, 184 (Tex. App.BCorpus Christi 1990, no writ).  However, because it is unclear as to which
argument appellant assigns error, we liberally construe appellant=s issues on appeal as assigning
error to all possible grounds.  See
Tex. R. App. P. 38.1(e), 38.9; see
also Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990).