NUMBER 13-10-00669-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



U.S. LAWNS, INC.,                                                                        
Appellant,

 

v.

 

RODOLFO LUIS CASTILLO JR.

AND YADIRA IVETTE ARROYO,                                      
                  Appellees.

 

 



On appeal from the 139th District
Court

of Hidalgo County, Texas.

 

 



     O P I N I O N

 

Before Chief Justice Valdez and
Justices Rodriguez and Benavides

Opinion by Chief
Justice Valdez

Appellant, U.S. Lawns,
Inc. (“U.S. Lawns”), filed an interlocutory appeal from an order denying its
motion to compel arbitration with appellees, Rodolfo Castillo Jr. and Yadira
Ivette Arroyo.  By one issue, U.S. Lawns contends that the trial court erred in
denying its motion because Castillo was bound to an arbitration agreement
between U.S. Lawns and Castillo’s employer.  We affirm.

I.          Background

On July 31, 2008,
Castillo was injured while employed with Blue Green Services, L.P.  Castillo
was using a “zero radius turn” lawnmower on a steep embankment when he lost
control of it.  The lawnmower slid down the embankment into a cement ditch and
landed on top of him.  Castillo suffered severe neurological injuries and is
now a paraplegic.

On February 11, 2009, appellees
filed suit for personal injuries and loss of consortium against Exmark
Manufacturing Company, Inc., the Toro Company, and the Young Men’s Christian
Association (YMCA) of the Greater Houston Area.[1] 
On March 30, 2010, appellees filed an amended petition naming U.S. Lawns as an
additional party.  U.S. Lawns responded to appellees’ amended petition with a
motion to transfer venue, original answer, and jury demand with jury fees
enclosed.  The jury trial was set for December 6, 2010.

On October 5, 2010, U.S.
Lawns filed a motion to compel binding arbitration and to dismiss appellees’
petition, claiming an arbitration agreement existed with Castillo.  Appellees
filed a response to the motion to compel arbitration, contending that there was
not a valid arbitration agreement and that U.S. Lawns had waived arbitration.  After
conducting a hearing on November 18, 2010, the trial court denied U.S. Lawns’s
motion to compel arbitration.  This interlocutory appeal followed.[2] 

II.         Standard of Review

We review the denial of a
motion to compel arbitration under the Federal Arbitration Act for an abuse of
discretion.  Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.,
327 S.W.3d 859, 862–63 (Tex. App.—Dallas 2010, no pet.); In re D. Wilson
Constr. Co., 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding).  A trial
court abuses its discretion when it acts arbitrarily or unreasonably and
without reference to any guiding rules or principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).

III.        Waiver on Appeal

Appellees claim that the
trial court could have denied U.S. Lawns’s motion to compel arbitration on a
ground that U.S. Lawns has not challenged on appeal.  Therefore, appellees
argue that we may affirm the trial court’s judgment on that unchallenged ground. 
Specifically, appellees assert that the trial court could have denied U.S.
Lawns’s motion to compel arbitration because U.S. Lawns waived its right to
arbitration by substantially invoking the judicial process, which resulted in
prejudice to appellees.  See Perry Homes v. Cull, 258 S.W.3d 580, 589–90
(Tex. 2008) (“[A] party waives an arbitration clause by substantially invoking
the judicial process to the other party’s detriment or prejudice.”).

A.        Applicable Law

An appellant’s brief
“must state concisely all issues or points presented” for appellate review.  Tex. R. App. P. 38.1(d).  A point or
statement of an issue is treated as “covering every subsidiary question” that
is reasonably included.  Id.  However, “the courts of appeals may not
reverse the judgment of a trial court for a reason not raised in a point of
error.”  Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (citing Vawter
v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990); San Jacinto River Auth. v.
Duke, 783 S.W.2d 209, 210 (Tex. 1990)).  Moreover, “[g]rounds of error not
asserted by points of error are considered waived on appeal.”  Fort Bend
County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 395 (Tex. 1991) (stating
that the appellant could not challenge a trial court’s general judgment notwithstanding
the verdict on grounds that the appellant did not advance in his brief to the
court of appeals); Garcia v. Barreiro, 115 S.W.3d 271, 273 n.2 (Tex.
App.—Corpus Christi 2003, no pet.) (concluding that the appellants waived their
requests for the reversal of the trial court’s orders granting the appellees’ motions
for summary judgment and the trial court’s order denying appellants’ motion for
new trial because they failed to raise points of error or assert arguments
concerning those issues).

An appellant must
challenge each independent ground that may support an adverse ruling.  Fox
v. Maguire, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied)
(applying this rule in a case involving a plea to the jurisdiction); Inscore
v. Karnes County Sav. & Loan Ass’n, 787 S.W.2d 183, 184 (Tex. App.—Corpus
Christi 1990, no writ) (“Where a judgment may rest upon more than one ground,
the party aggrieved by the judgment must assign error to each ground or the
trial court’s judgment will be affirmed on the ground to which no error was
assigned.  In such situations, it is said that appellants have waived their
right to complain of the ruling to which no error was assigned.”).  If the
appellant fails to challenge all possible grounds, we must affirm the judgment
on the unchallenged ground.  Fox, 224 S.W.3d at 307; Inscore, 787
S.W.2d at 184.

B.        Discussion

U.S. Lawns argues that
this Court may not affirm the trial court’s “order on the independent ground
proffered by [appellees]” because:  (1) the order from the trial court was not
a “general” order; (2) summary judgment rules do not apply to motions to compel
arbitration; and (3) even if the order was a general order, the waiver of
arbitration issue needs to succeed on the merits.

1.         “General” Order

First, U.S. Lawns argues
that even though the trial court did not specify the basis for its denial of its
motion, the order was not a “general” order.  Additionally, U.S. Lawns states
that because appellees did not “present, advance, reference or, even mention
[their] waiver [of arbitration] argument during the entire hearing,” appellees’
“suggestion that the trial court could have based its decision on the waiver
argument is not correct and [is] unsupported.”  Thus, without citation to any
authority, U.S. Lawns invites us to rely only on the reporter’s record of the
hearing on its motion to compel arbitration to determine the ground or grounds
that the trial court considered in denying its motion to compel arbitration. 
We decline to do so.

            Here, the trial court recited in its order
that it denied U.S. Lawns’s motion to compel arbitration “[a]fter considering
[U.S. Lawns’s] [m]otion . . ., the response, and arguments of
counsel, and after a hearing on the application . . . .”  We
may not ignore this recitals in the trial court’s order, and we may not simply
refer to the trial court’s oral pronouncements in the reporter’s record.  See
Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd., 260
S.W.3d 67, 84 n.21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (“Recitals in
a judgment or signed order of the court thus control over conflicting recitals
in the record.”); Harrington v. Harrington, 742 S.W.2d 722, 724 (Tex.
App.—Houston [1st Dist.] 1987, no writ); see also Pisharodi v. Six, No.
13-07-019-CV, 2008 Tex. App. LEXIS 5987, at **9–10 (Tex. App.—Corpus Christi Aug.
7, 2008, no pet.) (mem. op.) (refusing “to surmise about the reasoning behind
the trial court’s general order granting summary judgment” and determining that
we must only “look to the order granting summary judgment to determine the
trial court’s reasons for ruling” and that “the trial court indicated in its
order that it considered the motion and the supplements” when it stated that
the trial court considered the “Defendants’ Motion for Summary Judgment and
Exhibits, all responses, replies, and supplements thereto”).  Moreover, we may
not remove U.S. Lawns’s burden of attacking each of the possible grounds for the
trial court’s denial of its motion to compel arbitration by simply referencing
the trial court’s oral pronouncements at the motion to compel arbitration hearing,
and we may not assume that the trial court did not consider all of the grounds
asserted in appellees’ response to U.S. Lawns’s motion.  See Strather v.
Dolgencorp of Tex., Inc., 96 S.W.3d 420, 422–23 (Tex. App.—Texarkana 2002,
no pet.) (explaining that the appellate court may not speculate on the trial
court’s reasons for granting summary judgment and that to do so, the appellate
court would be improperly placing itself in the trial court’s role).  Therefore,
we conclude that because the trial court did not specify in its order its
reason for denying U.S. Lawns’s motion, the trial court’s order is a general
order.[3] 
See Lang v. City of Nacogdoches, 942 S.W.2d 752, 767–68 (Tex. App.—Tyler
1997, writ denied) (“[W]hen the trial court does not specify the specific
grounds upon which it granted summary judgment, it is presumed that judgment
was granted on all grounds raised by the moving party and it is then the burden
of the non-moving party to show that each independent argument alleged in the
motion was insufficient to support the trial court's order.”) (citing Ins.
Co. of N. Am. v. Sec. Ins. Co., 790 S.W.2d 407, 410 (Tex. App.—Houston [1st
Dist.] 1990, no writ)).  Accordingly, U.S. Lawns was required on appeal to
attack each possible ground for the trial court’s denial of its motion.  See
id.

2.         Addressing Unchallenged Grounds

Second, U.S. Lawns argues
that it should not have to address each ground asserted by appellees for
denying its motion because the rule requiring a party to challenge alternative
grounds on appeal only applies to summary judgments.  Again, without citation
to authority, U.S. Lawns states that “[a]pplying the rule does not make sense
in the context of a movant’s appeal of an order denying arbitration because
doing so causes substantial discord with this State’s strong presumption and
policy favoring arbitration.”  Further, although U.S. Lawns recognizes that
this Court has discussed the application of summary judgment rules regarding
alternative grounds in the context of a motion to compel arbitration, U.S.
Lawns claims that neither it nor appellees have found “any case applying this
principle in the present context [and] [t]his Court should not be the first to
do so.”

As we stated in In re
Int’l Bank of Commerce—a case involving a trial court’s ruling on a motion
to compel arbitration—when the trial court has not stated the grounds for its
ruling, “the appellant is required to attack all possible grounds for the order
or judgment or risk waiver of its complaints.”  No. 13-07-693-CV, 2008 Tex.
App. LEXIS 519, **41–42 (Tex. App.—Corpus Christi Jan. 18, 2008, pet. struck,
original proceeding).  In In re Brock Specialty Servs., Ltd., we
explained that in arbitration cases where the trial court specifies its reason
for its ruling, we apply summary judgment rules, and we stated, “we see no
reason why [that reasoning] should not apply in the context of our
interlocutory review of arbitration orders.”  286 S.W.3d 649, 656–57 (Tex.
App.—Corpus Christi 2009, no pet.).

In this case, the trial
court did not state its grounds for its order, and appellees asserted two
possible grounds supporting the denial of U.S. Lawns’s motion to compel
arbitration.  Therefore, we will follow the logic in In re Int’l Bank of
Commerce and In re Brock Specialty Servs., Ltd, and we cannot
agree with U.S. Lawns’s assertion that on appeal, it is not required to
challenge all grounds supporting the trial court’s denial of its motion to
compel arbitration.  See Fort. Bend County Drainage Dist., 818 S.W.2d at
395; Garcia, 115 S.W.3d at 273 n.2; Fox, 224 S.W.3d at 307; Inscore,
787 S.W.2d at 184.  Accordingly, U.S. Lawns was required to attack all possible
grounds supporting the trial court’s order or risk waiver of its complaints.  See
2008 Tex. App. LEXIS 519, **41–42.

3.         Merits of Unchallenged Grounds

Finally, U.S. Lawns
argues in its reply to appellees’ brief that “independent alternate grounds,
must be legally meritorious and supported in the record.”  Therefore, it appears
that U.S. Lawns urges this Court to determine the merits of a ground not
challenged in its original brief.  We decline to do so.

“It is well-settled that
[r]ule 38.3 of the Texas Rules of Appellate Procedure does not allow an
appellant to include in a reply brief a new issue in response to a matter
pointed out in appellee’s brief but not raised by the appellant’s original
brief.”  In re TCW Global Project Fund II, Ltd., 274 S.W.3d 166, 171
(Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (citing Dallas
County v. Gonzales, 183 S.W.3d 94, 104 (Tex. App—Dallas 2006, pet. denied);
Howell v. Tex. Workers’ Comp. Comm’n, 143 S.W.3d 416, 439 (Tex. App.—Austin
2004, pet. denied); In re M.D.H., 139 S.W.3d 315, 318 (Tex. App.—Fort
Worth 2004, pet. denied); Barrios v. State, 27 S.W.3d 313, 322 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d)); see Tex. R. App. P. 38.3.  Here, in its original brief, U.S.
Lawns did not challenge all possible grounds on which the trial court could
have based its denial of the motion to compel arbitration.  By attacking the
merits of the unchallenged ground in its reply brief, U.S. Lawns is attempting
to circumvent the briefing rules.

Because U.S. Lawns has
failed to challenge in its original brief, a ground that may have been the
basis for the trial court’s denial of U.S. Lawns’s motion to compel
arbitration—whether U.S. Lawns waived its right to arbitration—that issue has
been waived on appeal.  See In re TCW Global Project Fund II, Ltd.,
274 S.W.3d at 171.  Moreover, because the trial court’s judgment in this case
can rest on more than one ground and U.S. Lawns has not challenged each of
those grounds, we may affirm the trial court’s judgment on the ground to which
no error was assigned.  Fox, 224 S.W.3d at 307; Inscore, 787
S.W.2d at 184.  We therefore conclude that the trial court did not err in
denying U.S. Lawns’s motion to compel arbitration.  We overrule U.S. Lawns’s
sole issue.

IV.       Conclusion

Accordingly, we affirm
the trial court’s order denying U.S. Lawns’s motion to compel arbitration.

                                                                                    ___________________     

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the


28th day of July, 2011.

 









[1]
Exmark Manufacturing Company, Inc., the Toro Company, and the Young Men’s
Christian Association of the Greater Houston Area, and Blue Green Services are
not parties to this appeal.





[2]
Section 51.016 of the civil practice and remedies code permits courts to review
orders denying a motion to compel arbitration subject to the Federal
Arbitration Act (FAA) by interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.016 (West Supp. 2010).  Both parties agree that this case is governed by the
FAA.





[3]
We note that at the hearing on U.S. Lawns’s motion to compel arbitration, U.S.
Lawns argued to the trial court, “They’re [appellees] also going to argue that
I waived this motion because of significant work has been done in discovery. 
There is no case law supporting that.  There was a summary judgment filed but
it was filed the day after this motion and it was filed subject to this
motion.  So any argument that they put forth that I waived it, I do not agree
with them and it is just simply not supported by the case law.”  Therefore, at
the hearing, U.S. Lawns acknowledged that appellees had in fact raised a waiver
of arbitration argument to the trial court.