Opinion issued February 16, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00081-CV

———————————

Karen Kristine Silvio, Appellant

V.

JoLynn
Boggan, individually anD as administratrix of the estate of Sybil christine Silvio;
Gary silvio; and rebecca a. wagley, Appellees



 



 

On Appeal from the Probate Court No. 2 

 Harris County, Texas



Trial Court Case No. 370,090-401 

 



 

MEMORANDUM OPINION

This
is an appeal from a trial court judgment declaring two real property deeds
void.  We consider whether (1) the
appellant preserved error to complain about the trial court’s declaration that
a real property deed was void, (2) the trial court erred in declaring a second
deed void for lack of consideration absent a finding of fraud, (3) the trial
court engaged in prohibited ex parte communication with plaintiffs’ counsel, or
(4) the trial court erred by refusing to excuse a juror who was unable to speak
English.  We affirm in part and reverse
and render in part.

Background

          Joseph
and Sybil Silvio were married and owned a home at 23102 Naples Drive, Spring,
Texas (“the property”).  When Joseph died
in 1987, he left his portion of the home to his five children, Donna, JoLynn,
Gary, Rebecca, and Karen.  After Joseph’s
death, Karen moved in with her mother, Sybil, before eventually purchasing the
house next door.  

          After
Sybil died without a will on August 1, 2006, JoLynn was appointed
administratrix of her estate.  Shortly
thereafter, JoLynn discovered that two deeds had been filed in Harris
County.  The first purported to convey
the siblings’ interest in the property to Karen (“the Siblings’ Deed”) and the
second purported to convey Sybil’s interest in the property to Karen (“the
Mother’s Deed”).  Thereafter, the
siblings filed suit against Karen seeking to have the deeds declared void,
alleging that they were fraudulently obtained and not supported by
consideration.  At trial, the following
evidence was adduced regarding each deed.

The
Siblings’ Deed of September 15, 2003

          Karen
testified at trial that she and her siblings discussed having them transfer
their interest in the property so that the house could be sold and Karen and
Sybil could move to a better neighborhood. 
Keven Hyden, Karen’s nephew and Donna’s son, testified that Karen asked
him to take a blank a deed to Donna to sign, however, he never saw anyone sign
the deed.  JoLynn testified that one
Saturday in September 2003, she went to Donna’s house, where she and Donna
discussed signing over their portion of the property. Donna’s husband, Montie,
and Sybil were also present. Donna and JoLynn both signed the document, but
JoLynn became upset when she realized that the deed was transferring the property
to Karen, not to Sybil.  When she left, Jolynn instructed them to do nothing
with the deed until she had talked with her other sister, Rebecca.  According to JoLynn, no notary was present
when either Donna or JoLynn signed the document.  JoLynn testified that she never authorized
delivery of the deed to Karen.  Donna
predeceased Sybil, thus she did not testify at trial.  Rebecca testified that she neither signed the
deed, nor authorized its delivery to Karen. 
Gary testified that he did not sign the deed or authorize its delivery
to Karen, although he did testify that Karen came to his house and demanded
that he do so.  In fact, a year later, in
September 2004, Karen wrote a letter to her siblings demanding that they sign
the deed, threatening them with a lawsuit if they did not.

          Karen
did not testify specifically about how she came to be in possession of the
deed.  She merely stated that “they
called someone and told them to bring it to me.”  However, her nephew, Kevin, testified that
Rebecca called him and asked him to pick up a document and take it to
Karen.  He did not know what the document
was, but when she opened it, Karen asked him why Gary did not sign it.  Kevin told her that he did not know and he
would have to ask the others.

          The
Siblings’ Deed, which was dated September 15, 2003, was not recorded until
October 31, 2006, several months after Sybil died, but several months before
the deed from her was recorded.  The deed
was signed by all the siblings, except Gary, despite Rebecca’s testimony that
she never signed it.  September 15, 2003
was a Monday, in conflict with JoLynn’s and Montie’s testimony that JoLynn and
Donna signed on a Saturday.  The deed was
also notarized, in conflict with JoLynn’s and Montie’s testimony that no notary
was present during the Saturday meeting at Donna’s house.  The notary, however, was never able to
produce her notary book as evidence of the deed’s execution.

The
Mother’s Deed of September 18, 2004

          The
deed purporting to convey Sybil’s interest in the property to Karen was dated
September 18, 2004.  Karen testified that
her mother gave the deed on her birthday of that year, but she did not
immediately record the deed because she was busy “with life.”  Karen did not file the deed of record until
February 2007, six months after Sybil’s death and several months after the
Siblings’ Deed was filed.  The notary on
the document never produced her notary book with evidence of the transaction.

The
Lawsuit

          JoLynn,
individually and as administratrix of Sybil’s estate, Rebecca, and Gary, filed
suit against Karen, seeking to have both deeds declared void.  After a jury trial, at which Karen appeared
pro se, the trial judge (1) entered a judgment declaring the Mother’s Deed void
based on a jury finding of no consideration, and (2) granted a directed verdict
and did not allow jury questions on the Siblings’ Deed because he found no fact
issues were presented on either delivery or consideration.  This appeal followed.

PROPRIETY
OF DECLARATORY JUDGMENT

Declaratory
Judgment on the Siblings’ Deed

In her first issue, Karen contends the trial court erred in
directing a verdict in the plaintiffs’ claim seeking invalidation of the
Siblings’ Deed.  Specifically, Karen
contends that she raised a fact issue as to whether the Siblings’ Deed was
delivered to her by her siblings.

The trial court’s judgment on the Siblings’ Deed provided as
follows:

It is ORDERED, ADJUDGED and DECREED that the General
Warranty Deed purportedly dated and signed on September 15, 2003, by Grantors,
Donna Hyden, JoLynn Boggan, and Rebecca Wagley convey to Grantee and named
Defendant, herein, Karen Silvio, all of the ownership interest in and to the
real property more commonly known as “23120 Naples Drive, Spring, Harris
County, Texas 77373.” . . is declared to be void ab initio and is no force and
effect, there being no consideration, as this term is understood in law, supporting
such deed from Grantee to Grantors, nor delivery, as this term is
understood in law, of such deed by and from Grantors to Grantee.

 

Karen’s brief on appeal challenges only
the trial court’s ruling regarding delivery, but not consideration.  Because Karen has failed to challenge in her
original brief, a ground that may have been the basis for the trial court’s ruling,
that issue has been waived on appeal. See In re TCW Global Project Fund II,
Ltd., 274 S.W.3d 166, 171 (Tex. App.—Houston [14th Dist.] 2008, orig.
proceeding) (citing Dallas County v.
Gonzales, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied)). Moreover,
because the trial court’s directed verdict can rest on more than one ground and Karen has not challenged each of those grounds, we may affirm the trial
court’s judgment on the ground to which no error was assigned. Fox v.
Maguire, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied); Inscore
v. Karnes County Sav. & Loan Ass’n, 787 S.W.2d 183, 184 (Tex.
App.—Corpus Christi 1990, no writ).  We
therefore overrule Karen’s first issue.

Judgment
after Jury Verdict on the Mother’s Deed

          In her second
issue on appeal, Karen contends the trial court erred in entering judgment
declaring the Mother’s Deed void based on the jury’s finding of no
consideration.  Specifically, Karen
contends that she was not required to show consideration because she possessed
a general warranty deed and no fraud was shown. 
We agree.

The jury charge in this case provided the following two
questions:

Juror
Question No. 1

Do
you find that the signature of the Deceased was forged on the First Deed?

Answer:  “Yes” or “No”.

Answer:______________No_________

Juror
Question No. 2

Do
you find that Karen Silvio paid “$10.00 and other good and valuable
consideration” in connection with the First Deed?

You are instructed that the term “good and valuable
consideration” as used herein means a consideration of some value.  It means something more than nominal
consideration, one bearing no relation to the value of the property, or for
love and affection, and must be a consideration bearing some relation to the
value of the property.

 

Answer
“Yes” or No”.

Answer:______________No_________

However, a mere lack of consideration is not enough to void a deed. Watson v. Tipton, 274 S.W.3d 791, 801 (Tex. App.—Fort
Worth 2009, pet. denied); Uriarte v. Prieto, 606 S.W.2d 22, 24 (Tex. Civ.
App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.). In addition to a lack of
consideration, there must be fraud or undue influence in obtaining the deed. Uriarte,
606 S.W.2d at 24.

As seen from the jury’s responses, the jury rejected the
fraud claims against Karen, concluding that the Mother’s Deed was not
forged.  Therefore, the issue of
consideration should not have been submitted to the jury and the jury’s response
to question two is immaterial. See Casa El Sol–Acapulco, S.A. v. Fontenot,
919 S.W.2d 709, 717 (Tex. App.—Houston [14th Dist.] 1996, writ dism’d by agr.)
(“Because the doctrine of disproportionate forfeiture was not applicable in
this instance, it should not have been submitted as a jury issue.”). An
appellate court may disregard a jury finding on a question that is immaterial. See
Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994). A
jury question is immaterial if it should not have been submitted, if it was
rendered immaterial by other findings, or if it called for a finding not within
the jury’s province, such as a question of law. Id. Because the jury’s
answer to question two was immaterial, the trial court should have disregarded it.
See Southeastern Pipe Line Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999).  As such, the jury’s finding of no
consideration will not support the trial court’s judgment.

We sustain Karen’s second issue on appeal.

Ex Parte Communication

          In her third issue, Karen contends the
trial court erred by participating in prohibited ex parte communications with
her siblings’ counsel.  The record in
this case shows that the trial court requested counsel to prepare a proposed
charge.  Counsel for the siblings
submitted his proposed charge to the trial court on a zip drive and also gave a
copy of the proposed charge to Karen. 
The trial judge opened the zip drive during a break so that he could
begin preparing the charge.  Karen
complained that the zip drive was an improper ex parte communication.  We disagree.

          Under Texas Code of Judicial Conduct,
Canon 3(B), a judge is prohibited from initiating, permitting, or considering ex parte communications
concerning the merits of a pending case. Tex.
Code Jud. Conduct, Canon 3(B), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit.
G, app. B (West 1997). An ex parte communication is one that involves fewer than all parties
who are legally entitled to be present during the discussion of any matter. See
Erskine v. Baker, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied).
The purpose behind prohibiting ex parte
communications is to ensure that all legally interested
parties are given their full right to be heard under the law and to ensure
equal treatment of all parties. Abdygapparova v. State, 243 S.W.3d 191,
207 (Tex. App.—San Antonio 2007, pet. ref’d).

          Here, Karen had notice that the
proposed charge had been requested by the judge and she was given a copy of
it.  The charge was fully discussed and
Karen was given the opportunity to propose her own charge and to object to
plaintiffs’ charge.  Thus, we hold that
the zip drive containing the plaintiffs’ proposed jury charge was not an
improper ex parte communication.

          We overrule issue three.  

Refusal to Remove Juror

          In issue four, Karen contends the trial
court erred by failing to remove a juror who could not understand English.  During trial, the following exchange took
place

THE COURT: Ms.
Silvio, I guess, it was Ali Chowdhury came
to the Court this morning. He came in the
front
door, not back where he was told yesterday
afternoon.
He told the court reporter that he doesn’t speak or read English very well and
doesn’t really understand what’s going on. He wonders if he has to be a juror.
I’m not going to declare a mistrial if everybody agrees to accept a verdict
with 11. I’m inclined to just let him sit in the jury box. I mean, I guess he
managed to fill out his card. So he reads English well enough to fill out a
jury card and send it back in. And I said, If you don’t speak or read English,
raise your hand and he didn’t raise his hand. Maybe he doesn’t understand anything.

 

MR. RUBIN: Well, apparently, he
followed enough instructions to make it to the courtroom yesterday as well.

 

THE COURT: Yeah. So I don’t know. I’m just
telling you. I’m not going to do anything about it right now. He wrote -- he
filled out his card but not completely.

 

After this exchange,
Karen never objected to proceeding with the juror.  Thus, she has waived this issue on
appeal.  See Tex.
R. App. P. 33.1(a)(1) (providing that party must make “timely request,
objection, or motion” to present complaint for appellate review).

          We overrule issue four.

CONCLUSION

We reverse the trial court’s judgment as it relates to the Mother’s
Deed of September 18, 2004 and render judgment that the siblings’ take nothing
on their claims as it relates to that deed. We affirm the remaining portions of
the judgment.  We dismiss any pending
motions as moot.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.