**Opinion filed August 23, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00227-CV

_____

### ALMA R. MASSEY SANTIBANEZ, Appellant

### V.

### SAXON MORTGAGE INC. ET AL., Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 42,948**

## M E M O R A N D U M   O P I N I O N

Alma R. Massey Santibanez filed suit against Saxon Mortgage Inc., Saxon Mortgage Services Inc., Saxon 1998-3, JP Morgan Chase Bank (f/k/a Chase Manhattan Bank (successor by merger to Chase Bank of Texas NA)), and Deutsche Bank Trust Co. Americas.[1]  In her petition, Alma alleged fraud, violations of the Deceptive Trade Practices-Consumer Protection Act,[2] and

---

[1]It appears that Saxon Mortgage Services, Inc., JP Morgan Chase Bank, Deutsche Bank, and Saxon 1998-3 were holders of the underlying note at various times.  However, Alma's main interaction concerning the mortgage in question was with representatives of Saxon Mortgage Services Inc.  We will refer to the defendants/Appellees collectively as "Saxon."

[2]TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63 (West 2011 & Supp. 2012).

breach of contract. Alma also sought a declaratory judgment that foreclosure on her residence was barred by limitations and sought a temporary restraining order to restrain Saxon from selling her residence under the deed of trust that she had executed previously.

In 1998, Patrick L. Massey and Alma Massey, husband and wife, purchased a residence at 1402 S.E. 23rd Street in Mineral Wells, secured by a promissory note and a deed of trust. Although Alma did not sign the promissory note, she did sign the deed of trust as grantor and borrower. On October 8, 2002, Saxon sent a notice of default to Alma and Patrick, informing them that they had failed to pay the required installments and that Saxon would take further actions to foreclose unless Patrick and Alma paid the full amount of the default. At the time, their mortgage payment was $457.18. On December 16, 2002, Saxon sent the Masseys a notice of acceleration and statutory notice declaring the note "wholly and immediately due and payable." This document also included a notice of substitute trustee's sale to take place on January 7, 2003. On December 20, 2002, the parties agreed that, if the Masseys sent Saxon $2,800, the loan would be reinstated and foreclosure would be withdrawn. That same day, Alma sent Saxon a check for $2,800 and a letter from her attorney in which the attorney informed Saxon that, "[b]y negotiating this check, you agree to stop all foreclosure proceedings that are currently pending." Saxon negotiated the check and cancelled the trustee's sale.

After Alma made the $2,800 payment, she continued making payments on the mortgage. However, there was a dispute about the monthly payment and the escrow account. Beginning in May 2003, Saxon, through its attorney, sent Alma and Patrick a series of default notices through July 2003. In June 2003, Saxon generated an annual escrow account disclosure statement in which it set the new mortgage payment at $466.01 beginning August 1, 2003. In September 2003, Patrick and Alma divorced. The trial court awarded Alma the residence and ordered her to assume the liability on the residence. Subsequently, Patrick filed bankruptcy, and his debt on the residence was extinguished in his bankruptcy proceedings. On October 2, 2003, Saxon sent a letter to Alma's lawyer in which it stated that the loan was current.

Saxon sent default notices to Alma in April and June 2004. In May 2004, Alma, through her attorney, sent Saxon's counsel a letter in which it outlined Alma's grievances and disputes with Saxon. The next month, Saxon responded through its counsel and sent Alma an affidavit, which is not in the record. Saxon's counsel also stated in the letter that he would further respond

2

to her demands and that Saxon would address her demands for an accounting. In July 2005, Saxon sent a default notice to Alma in which it listed the arrearage amount as $7,963.17. On October 10, 2005, Saxon sent Alma a "NOTICE OF ACCELERATION AND NOTICE OF FORECLOSURE" together with a "NOTICE OF SUBSTITUTE TRUSTEE'S SALE." On October 31, 2005, Saxon cancelled a foreclosure set for November 1, 2005. Saxon does not contend that it has abandoned the foreclosure acceleration it initiated on October 10, 2005. Alma filed this suit on December 31, 2008, and the parties have agreed that the statute of limitations on the October 10, 2005 acceleration will be tolled for the pendency of this litigation.

Saxon filed a motion for summary judgment in which it asked the trial court, among other things, to declare that Saxon abandoned any acceleration prior to October 10, 2005, and that foreclosure was not barred by limitations. Alma filed a motion for partial summary judgment in which she requested that the trial court declare that the foreclosure was barred by limitations. The trial court granted summary judgment in favor of Saxon and ruled that foreclosure was not barred by limitations. In her first and second issues, Alma complains of the trial court's ruling that foreclosure on her property was not barred by the statute of limitations.

When both sides move for summary judgment and one motion is granted we determine the questions presented and render the judgment the trial court should have rendered. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 605 (Tex. 2002); *Harrington v. Dawson-Conway Ranch, Ltd.*, No. 11-10-00124-CV, 2012 WL 2045727, *3 (Tex. App.—Eastland June 7, 2012, no pet. h.). The trial court's summary judgment is reviewed de novo. *Dow*, 89 S.W.3d at 605.

A sale of property under a mortgage or deed of trust must be made within four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b) (West 2002). Ordinarily, a cause of action does not accrue until "the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). However, if the note or deed of trust contains an optional acceleration clause, such as in this case, the cause of action accrues (and the statute of limitations begins to run) when the holder "actually exercises" its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001). Effective acceleration requires two acts: (1) notice of intent to accelerate and (2) notice of acceleration. *Id.* at 566. A note holder can abandon acceleration if it continues to extract payments without extracting any remedies available to it on declared maturity. *Id.* at 566–67.

3

Alma contends that the cause of action for foreclosure accrued on December 16, 2002, when Saxon sent the notice of acceleration and declared the note immediately due and payable. Saxon concedes that the cause of action did accrue on that date but argues that the acceleration was abandoned by virtue of the December 20, 2002 agreement to stop foreclosure and payment.

In this case, Saxon did abandon acceleration. As we stated above, four days after Saxon sent the Masseys a notice of foreclosure, the parties agreed on a $2,800 payment that would "stop all foreclosure proceedings" and bring the loan to current status. Alma argues that, because the parties did not enter into an extension agreement under Section 16.036 of the Texas Civil Practice and Remedies Code, the statute did not toll. Section 16.036, however, provides for suspension of the four year statute of limitations by agreement after it has started running; Section 16.036 does not address the question of when acceleration can be abandoned. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.036 (West 2002). The parties can abandon acceleration and restore the contract to its original terms by agreement *or* actions. *Khan v. GBAK Props., Inc.*, No. 01-10-00238-CV, 2012 WL 1065879 (Tex. App.—Houston [1st Dist.] March 29, 2012, no pet.). The evidence shows that Alma and Saxon agreed that foreclosure would be abandoned when Alma made the $2,800 payment, which she did.

Alma argues that the agreement to abandon acceleration must be in writing and that she explicitly refused to sign an agreement tendered to her by Saxon. However, as noted above, the parties can abandon acceleration by their actions alone. And, in this case, both parties anticipated a continuation of the loan after the arrearage had been paid. The trial court did not err in finding that the parties abandoned the December 16, 2002 acceleration. Alma's first two issues are overruled.

In her third issue, Alma argues that the trial court erred in holding that the statute of limitations had run on her claims of fraud, deceptive trade practices, and breach of contract. In its motion for summary judgment, Saxon argued that Alma's allegations of fraud, violations of the DTPA, and breach of contract were barred by the statute of limitations. Saxon also argued that Alma's fraud and DTPA claims actually were mischaracterized breach-of-contract claims and that there was no genuine issue of material fact on at least one essential element of each of her claims. Although the trial court granted Saxon's motion and ordered that Alma take nothing by her claims, it did not specify the basis on which it granted the motion. When a trial court's

order granting summary judgment does not specify the grounds relied upon, we must affirm if any of the summary judgment grounds are meritorious. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999).

Alma has not challenged any of the other grounds upon which the trial court could have relied in granting the summary judgment. When a litigant does not specifically challenge a ground on which the trial court could have granted summary judgment, he has waived a challenge to the summary judgment on that ground. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Accordingly, Alma has waived her challenge to the other grounds that Saxon alleged in its motion for summary judgment. *See Inscore v. Karnes Cnty. Sav. & Loan Ass'n*, 787 S.W.2d 183, 184 (Tex. App.—Corpus Christi 1990, no writ) ("Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the trial court's judgment will be affirmed on the ground to which no error was assigned."); *see also Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 422–23 (Tex. App.—Texarkana 2002, no pet.) (when a trial court does not specify on what grounds it granted summary judgment, an appellant must argue that every ground in the summary judgment motion is erroneous). Alma's third issue is overruled.

In her final issue, Alma challenges the award of attorney's fees to Saxon in the event that we granted the relief she requested. Because we did not grant the relief she requested, we need not address the issue of attorney's fees and overrule her fourth issue.

The judgment of the trial court is affirmed.

ERIC KALENAK
JUSTICE

August 23, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5